896 F.2d 1366
 15 Fed.R.Serv.3d 1134
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Timothy J. ANDERTON, Plaintiff-Appellee,
v.
FACETGLAS, INC., a South Carolina Corporation; Facetglas of
Florida, Inc., a Florida Corporation; Facetglas, Inc., a
West Virginia Corporation; Advanced Energy Concepts, Inc.,
a Connecticut Corporation, Defendants-Appellants.
 No. 89-3220.
 United States Court of Appeals, Fourth Circuit.
 Argued: Nov. 1, 1989.
Decided: Feb. 9, 1990.
Rehearing Denied March 13, 1990.
 
 Richard M. Quinlan (Judith A. Starrett, Weinstein & Sturges, P.A., on brief), for appellants.
 John Mitchell Aberman (James, Mcelroy & Diehl, P.A., on brief), for appellees.
 Before DONALD RUSSELL, Circuit Judge, BUTZNER, Senior Circuit Judge, and JOSEPH H. YOUNG, Senior United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 A holding company, Advanced Energy Concepts, Inc., and its three subsidiaries, Facetglas, Inc., a South Carolina corporation, Facetglas of Florida, Inc., and Facetglas, Inc., a West Virginia corporation, appeal an adverse default judgment entered for their failure to respond to the discovery requests of Timothy Anderton. Because the district court chose an appropriate sanction, we affirm the judgment and deny the appeal.
 
 
 2
 An involuntary bankruptcy petition filed after the district court entered its judgment stays this appeal with respect to one of the subsidiaries, Facetglas, Inc., of South Carolina. The petition does not affect the other appellants. See 1 Collier Bankruptcy Manual p 362.03 (3d ed. 1989).
 
 
 3
 * This lawsuit was commenced shortly after Anderton's tenure as president of the three Facetglas subsidiaries ended in late 1987. Anderton resigned his post less than a year after he had been hired for it by Robert Lerman, who was then head of Advanced Energy Concepts and the Facetglas companies, which we will refer to collectively as "Advanced Energy." Anderton sued Advanced Energy, claiming he was owed certain wages and expenses under the terms of his employment contract. For several months Advanced Energy actively defended the suit. It retained counsel, filed an answer, and unsuccessfully moved to dismiss the action. The parties held a pretrial conference and agreed upon a discovery schedule and a date for trial.
 
 
 4
 As the trial date approached, Anderton determined that he needed to depose key Advanced Energy personnel. He served deposition notices on Lerman and one of Advanced Energy's constituent companies. Neither Lerman nor Advanced Energy objected to the depositions in the manner required by the Federal Rules of Civil Procedure. Lerman and the noticed company, however, failed to appear for their depositions and offered no explanation for their absence. The day after the depositions were to have taken place, Advanced Energy's attorneys petitioned the district court to relieve them as counsel because Advanced Energy had not paid its mounting legal bills. Several days later the district court granted the petition and counsel stepped down.
 
 
 5
 Anderton was frustrated by the missed depositions and filed motions in August 1988 requesting sanctions against Advanced Energy for its failure to respond to his discovery requests. The district court scheduled a hearing on the motions for December 1988. Meanwhile, Lerman sent two letters to the district court asking "advice as to how we should proceed." The district court declined to render advice. The court did mail Lerman a motions calendar several weeks in advance of the hearing to remind him, and hence Advanced Energy, of when and where to appear. Despite the ample notice given, Advanced Energy did not appear. Soon afterwards, the court entered default judgment under Federal Rule of Civil Procedure 37(d) against Advanced Energy and awarded Anderton all of the damages he sought.
 
 II
 
 6
 Advanced Energy now contends that the default judgment is unfair because the missed depositions and its absence at the hearing were caused by circumstances largely beyond its control. According to Advanced Energy, the withdrawal of counsel permitted by the district court left it ignorant of the correct way to defend the lawsuit and of the consequences for missing the depositions and hearing. It claims its inability to pay counsel was justified by its dire financial straits. Advanced Energy presents itself as an innocent party, abandoned by counsel and left to its own devices by an uncaring court. It considers the entry of default judgment in such circumstances to be reversible error.
 
 
 7
 Rule 37(d), however, empowers the district court to punish a party to litigation for a variety of discovery failures, including missing its own deposition. This encompasses, as in the instant case, the failure by a company to have individuals deposed who would be testifying on the company's behalf. Part (b)(2) of the rule establishes a range of sanctions for discovery failure, one of which is "rendering a judgment by default against the disobedient party." The decision to impose a particular sanction is left to the discretion of the district court. See 8 C. Wright and A. Miller, Federal Practice and Procedure Sec. 2291 (1970); National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639 (1976).
 
 
 8
 Here, Lerman and Advanced Energy were well aware of their discovery responsibilities and simply chose to ignore them. A letter sent from Advanced Energy's former attorneys to Anderton's attorney several days before the scheduled depositions makes it clear that the deponents themselves knew of their obligations. This is not a case in which the district court meted out punishment to an unsuspecting and uninformed client for the error of its attorneys. Once the day for the depositions passed, Advanced Energy had four months in which to retain new counsel before the hearing on the pending motions. It failed to do so. This confirms the disregard Advanced Energy held for these proceedings. Accordingly, we affirm the entry of default judgment.
 
 III
 
 9
 In addition to sustaining Anderton's motion for a default judgment, the district court granted partial summary judgment against Advanced Energy and its subsidiaries, finding that the holding company and its three subsidiaries were alter egos and therefore jointly and severally liable to Anderton. The appellants did not argue this issue in their opening brief and raised it only summarily in a reply brief. We conclude that the district court properly granted summary judgment on this issue.
 
 
 10
 The judgments of the district court against Advanced Energy Concepts, Inc., Facetglas of Florida, Inc., and Facetglas, Inc., a West Virginia corporation, are affirmed. The appeal of Facetglas, Inc., a South Carolina corporation, is stayed due to its pending bankruptcy.